UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § | |
| V. | § § | CAUSE NO. SA-16-CR-394 XR |
| JESSICA NICOLE SMITH, Defendant, | § § | |

**FILED NOV 16 2016 CLERK, U.S. DISTRICT CLERK WESTERN DISTRICT OF TEXAS BY_____ DEPUTY**

## AGREED ORDER REVOKING SUPERVISED RELEASE

On this day came on to be considered the Government's Petition for Warrant or Summons for Offender Under Supervision (Document 14). Through their signatures below, the parties have recommended a disposition of all alleged violations in this cause. The Court concurs with this disposition which is supported by findings set forth below.

I. Findings

*Supervision imposed.* On or about April 28, 2011, the United States District Court for the Southern District of Texas sentenced the Defendant to thirteen months imprisonment, a $100 special assessment, and three year of supervised release for the offense of transporting an undocumented alien for private financial gain in violation of 8 U.S.C. §1324(a)(1)(A)(ii). Defendant's term of supervised release was revoked in March, 2014, and she was sentenced to twelve months imprisonment to be followed by reimposed supervised release of two years. Defendant began her term of supervised release on or about April 6, 2015.

*Supervision violations.* Among other things, the defendant was ordered to not commit another federal, state, or local crime. According to the Petition, on or about July 17, 2016, Defendant was arrested for the state law offense of Possession of A Controlled Substance. Other violations

alleged included use of methamphetamine.

*Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of her probation, the Court could assess imprisonment up to a statutory maximum of 2 years imprisonment, and re-impose supervised release, and payment of any unsatisfied monetary sanction previously imposed; (2) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (3) she does not contest the above-related factual summary of the evidence of her misconduct; and (4) the United States could prove such misconduct by a preponderance of the evidence.

*Defendant's waiver of rights.* Through their signatures below, the Defendant and her attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowing and intelligently: (1) waives her rights under the Constitution, Fed.R.Crim.P. 32.1(b)(2), and 43, 18 U.S.C. § 3583(e)(3), and/or otherwise, to be present and participating with her lawyer at a proceeding at which the Defendant's supervised release is revoked and she is re-sentenced, as accomplished by this Order; and (2) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or her counsel.

II. Order

In view of the foregoing, based on the Defendant's uncontested violations of her supervised release for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1. The Defendant's supervised release is revoked pursuant to 18 U.S.C. § 3583(e).
2. The Defendant is remanded to the custody of the Bureau of Prisons for a sentence of TIME SERVED.
3. Upon the Defendant's discharge of her sentence, she shall be placed on supervised

release under the same terms as originally imposed for a period of 24 months. In addition, the following special term shall also apply: Defendant shall reside in and participate in a residential drug or alcohol treatment program, as instructed by the probation officer, until satisfactorily discharged by the program director. The Defendant shall remain in custody until room is available at that facility.

4. Monetary sanctions imposed in this case that remain unpaid are imposed.

APPROVED and ORDERED ON THIS 16th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____
JESSICA NICOLE SMITH
Defendant

_____
JACK CARTER, AFPD
Counsel for Defendant

_____
SAM PONDER
Assistant United States Attorney
(Counsel for the Government has conferred with the United States Probation Officer and the Officer agrees with the parties that this sentence is appropriate.)